**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIANA L. OBANDO,**

      Plaintiff,

                                     CASE NO.: 6:18-cv-00856-CEM-TBS

vs.

**SBC FOOD SERVICE, INC.**
**d.b.a CABANA BAR AND GRILL**

      Defendant.

_____/

**<u>SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT</u>**
**<u>AND FLORIDA COMMON LAW WAGE CLAIMS</u>**

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made this _____ day of December 2018, by and between DIANA L. OBANDO ("Plaintiff") and Defendant SBC FOOD SERVICE, INC., d.b.a. CABANA BAR AND GRILL ("Defendant").

WHEREAS, Plaintiff filed the above-referenced case for unpaid overtime compensation and straight time pay which was allegedly due to her pursuant to the Fair Labor Standards Act of 1938, 29 §201, *et seq*. ("FLSA") and Florida common law ("Common Law").

WHEREAS, Defendant denies the relief sought and liability alleged by the claim asserted by the Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-styled case is hereby resolved as follows:

1.   **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2.   **RELEASE OF FLSA AND COMMON LAW CLAIMS**.

a.   This Agreement shall constitute a waiver and release of all claims Plaintiff might have under the FLSA and Common Law against Defendant.

b.   Upon execution of this Agreement, the Parties shall immediately file the Joint Motion for Approval of Settlement with the Court attached hereto as Exhibit "A."

c.   Plaintiff hereby knowingly and voluntarily release Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims arising under the FLSA and Common Law against any of the Releasees which Plaintiff have or might have as of the date of execution of this Agreement.

3.   **CONSIDERATION**.

a.   If (1) Plaintiff delivers to Defendant an executed copy of this Agreement and W-9 forms executed by Plaintiff and an executed W-9 form from Plaintiff's counsel; and (2) the Court approves this Agreement and dismisses the case, with prejudice, then, Plaintiff shall receive from Defendant a total of Ten Thousand Five Hundred and 00/100 Dollars ($10,500), in two installments due to Plaintiffs' counsel's Trust account as follows:

i.      $7,500.00 made payable to Diana L. Obando for overtime compensation and straight wages allegedly due pursuant to the FLSA and Common Law for which separate IRS Forms 1099 shall issue to Diana L. Obando;

ii.     $3,000.00, made payable to Zandro E. Palma, P.A., as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to The Palma Law Group, *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph, except for her execution of this Agreement, including the release of FLSA and Common Law claims contained herein, and her fulfillment of the promises contained herein.

b.      Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff, respectively, or their attorney under the terms of this Agreement.

4.      **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA or Common Law.

5.      **OPPORTUNITY TO REVIEW**.      Plaintiff acknowledges she is aware that she is giving up all FLSA and Common Law claims she may have against the Releasees. Plaintiff acknowledges she has been advised in writing to consult with an attorney and has had the

opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted with her counsel-of-record, Zandro E. Palma, Esq., prior to executing this Agreement.  Plaintiff signs this Agreement voluntarily.

5. **WAIVER OF JURY TRIAL**. Subject to the Court's approval of this Agreement, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA and Common Law claims asserted in the above-referenced case. If this Agreement is not approved, Defendant does not waive its right to a jury trial with respect the asserted FLSA and Common Law claims.

6. **SEVERABILITY**.  Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language and the payment obligations set forth in section 3 above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

8. **ENTIRE AGREEMENT AS TO FLSA AND COMMON LAW CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the Plaintiffs FLSA claims. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with his decision to sign this Agreement, except those set forth in this Agreement.

9. **AMENDMENTS**.   This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes

specific reference to this Agreement.

10.      **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND COMMON LAW CLAIMS. THE PLAINTIFF HAS BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAS CONSULTED WITH HER ATTORNEY BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.   HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND COMMON LAW CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND COMMON LAW CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA  AND COMMON LAW CLAIMS  SHE  HAS  OR  MIGHT HAVE AGAINST RELEASEES.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: 12 | 28 | , 2018

STATE OF FLORIDA       )

COUNTY OF Seminole     )

SWORN TO AND SUBSCRIBED before me this 28th day of Dec.,
2018, by S. Molligoda _____ **on behalf of SBC Food Services, Inc.,
d.b.a. Cabana Bar and Grill,** who is personally known to me or has produced
Florida Driv. Lic as identification.

_____
(Notary Signature)

(NOTARY
SEAL)

STEVEN M. EISENBERG
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF223813
Expires 4/23/2019

Steven M. Eisenberg
(Notary Name Printed)
NOTARY PUBLIC
Commission No. FF 223813

Dated: **1/02.** , ~~2018~~ **2019.**

STATE OF FLORIDA )

COUNTY OF Seminole )

2019   SWORN TO AND SUBSCRIBED before me this __2__ day of January ~~2018~~, by **Diana L. Obando** who is personally known to me or has produced FL Drivers License as identification.

_____
(Notary Signature)

(NOTARY
SEAL)

Notary Public State of Florida
Marlena G Duncan
My Commission GG 151840
Expires 10/16/2021

Marlena G. Duncan
(Notary Name Printed)
NOTARY PUBLIC
Commission No. GG151840