UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANA L. OBANDO,

    Plaintiff,

v.                                  Case No:   6:18-cv-856-Orl-41TBS

SBC FOOD SERVICE, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve Amended Settlement Agreement and to Dismiss with Prejudice. (Doc 29). After due consideration I respectfully recommend that the motion be denied.

### Background

Plaintiff Diana L. Obando complains that her former employer, Defendant SBC Food Service, Inc. failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1). Defendant employed Plaintiff as a lead bartender from about March 31, 2016 to May 21, 2018 (Id., ¶¶ 7-8). Plaintiff was paid $6.05 per hour plus tips for up to forty hours of work per week (Id., ¶ 8). However, Plaintiff claims that she routinely worked fifty hours per week for which she was not paid overtime (Id., ¶¶ 9, 11). Defendant denies liability (Doc. 15). On January 3, 2019 the parties informed the Court that they had settled this controversy (Doc. 23). They submitted their proposed settlement agreement and after review, I recommended that it be rejected by the Court (Docs. 23, 25). The parties have submitted their revised

settlement agreement (the "Agreement") in response to my Report and Recommendation (Doc. 29-1).

## Legal Standard

As I explained in my prior Report and Recommendation, "[t]he principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, 679 F.2d at 1354-55. If a settlement is not one

supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) and Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

## Discussion

The original version of the parties' settlement agreement contained numerous references to the "Common Law" which was both curious, because Plaintiff's sole claim is under the FLSA, and concerning because it made the scope of Plaintiff's release of Defendant overbroad. The parties have now deleted all references to the "Common Law" from the Agreement.

The release by Plaintiff in the original settlement agreement was overbroad due to the inclusion of the term "Common Law" and because the released parties included Defendant's unidentified past and present "directors, officers, shareholders, members,

employees, agents, insurers and attorneys" along with Defendant's "parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers" (Doc. 24-1). These additional people and entities were not identified and were not included in Defendant's Certificate of Interested Persons and Corporate Disclosure Statement (Doc. 16). The parties have revised the release to eliminate these unknown people and entities (Doc. 29-1 at 2).

Defendant has agreed to pay Plaintiff $3,750 in wages and an additional $3,750 as liquidated damages (Id., at 2-3). In her answers to the Court's interrogatories Plaintiff claimed $19,831.61 in unpaid wages and a like amount in liquidated damages (Doc. 19 at 2). She also claimed $4,422.60 for non-tipped off the clock work (Id., at 3). Although the amount for which Plaintiff is settling is significantly less than what she claimed in her answers to the Court's interrogatories, she has been represented by a lawyer throughout the case and because the parties must be presumed to know more about the case than the Court does. Accordingly, I recommend approval of the settlement amount.

Title 29 U.S.C.§ 216(b) provides that in an FLSA action seeking unpaid wages and overtime the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. Section 216(b) has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (citation omitted); see also Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987). Here, Defendant has agreed to pay Plaintiff's lawyer $3,000 in attorney's fees and costs (Doc. 29-1 at 3). The parties agree that this amount was negotiated "fairly and separately." (Doc. 29, ¶ 7). When the parties represent that the

- 5 -

amount of attorney's fees was determined separately and apart from Plaintiff's recovery that is normally sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013). I recommend approval of the fees in this case because, in addition to the parties' representation, the amount is consistent with the amounts paid in similar cases in this district.

Normally, the plaintiff in an FLSA settlement receives a W-2 for wages and a 1099 for the liquidated damages paid pursuant to the agreement. Here, Defendant is issuing 1099's to Plaintiff for both payments, and the parties have agreed that Plaintiff is responsible for all taxes owed in connection with the settlement (Doc. 29-1 at 2-3). The parties have not provided an explanation for this unusual, liability shifting arrangement. In the recitals to the Agreement, the parties state that "Plaintiff worked at Defendant's location for two years as a W9 contractor. Defendant maintains this is the correct classification." (Id., at 1). A W-9 internal revenue service form is titled "Request for Taxpayer Identification Number and Certification." It is used when an employer deals with an independent contractor or freelancer. So, as I read the parties' Agreement, their settlement is based on agreement to inconsistent positions. Defendant has agreed to pay Plaintiff $3,750 "in wages for overtime compensation and straight pay allegedly due pursuant to the FLSA" while at the same time, the parties are agreeing that Plaintiff worked as an independent contractor responsible for payment of the employer and employee's share of taxes (Doc. 29-1 at 1-2). The economic impact of this arrangement on Plaintiff is unknown. Without a fulsome

explanation of the reason why Plaintiff is agreeing to accept all of the tax consequences of this settlement, and what the cost of that will be to her, I cannot recommend approval of the Agreement.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the parties' Agreement be **REJECTED** and that their motion be **DENIED**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

If the parties do not object to this Report and Recommendation they may expedite the review process by filing notices of no objection.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 5, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record

- 7 -